IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY RIVERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-3774-M (BF) |
| | § | |
| BANK OF AMERICA, N.A. and | § | |
| DALLAS COUNTY, TEXAS | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court notes that service has still not been executed on Defendant Dallas County, Texas. *See* Order [D.E. 9]. Also before the Court is Defendant Bank of America N.A.'s ("BANA") Motion to Dismiss Plaintiff Stacey Rivers' Petition [D.E. 5]. The above-styled case has been referred to the United States Magistrate Judge for pre-trial management. *See* Special Order 3. Based on the Federal Rules of Civil Procedure and party filings, the undersigned recommends as follows.

### SERVICE ON DALLAS COUNTY, TEXAS

The Court observes that at least 160 days[1] have passed since this case was removed from state court, but Defendant Dallas County, Texas ("Dallas County") has not been served. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff Stacy Rivers ("Rivers") was given notice that unless Dallas County was served by

---

[1] This case was removed to federal court on November 23, 2015. Revised Rule 4(m), which went into effect on December 1, 2015, permits 90 days for a plaintiff to serve a defendant. Prior to the revision, plaintiffs were permitted 120 days to complete service.

April 29, 2016 or good cause was shown for the failure, a recommendation would be made for County to be dismissed from this action. Order [D.E. 9]. The Court observes that the April 29th deadline has come and gone and Dallas County still has not been served. *See* Docket. Also, Rivers has not shown good cause for her failure to execute service on Dallas County. *See id.* Therefore, the undersigned recommends that the District Court "dismiss the action without prejudice against [Dallas County] . . . ." FED. R. CIV. P. 4(m)

### FAILURE TO PROSECUTE CASE
### No Response Filed

BANA filed Motion to Dismiss Plaintiff Stacey Rivers' Petition. [D.E. 5] on November 30, 2015. *See* Docket. According to the Local Civil Rules, Plaintiff had twenty-one (21) days to file a response and brief. Local Civil R. 7.1(e). Therefore, Rivers' response was due on December 21, 2015. *See id.* The deadline for Rivers to file her response has long since passed. *See id.* On March, 17, 2016, the undersigned afforded Rivers an opportunity to cure this error by ordering her to file a response in accordance with the Local Civil Rules by April 1, 2016. Order [D.E. 6]. The Court observes that Plaintiff failed to follow the Court's order and no response was filed. *See* Docket.

### No Joint Status Report

The undersigned ordered the parties to confer and file a joint status report on March 17, 2016. Order [D.E. 7]. This report was due by April 15, 2016, and BANA was ordered to initiate contact with Rivers. *Id.* [D.E. 7]. BANA filed a report representing that it attempted to confer with Rivers on several occasions. Def.'s Report [D.E. 8 at 1]. However, BANA was unsuccessful in reaching River, and she "did not return any of the numerous phone calls (or voice mail messages) initiated by BANA's managing counsel Kathryn Davis of Winston & Strawn , LLP, Houston, Texas." *Id.* [D.E. 8 at 1]. Rivers has not filed anything indicating that BANA's representations are incorrect, nor

are there any other indications that she attempted to follow this Court's order. *See* Docket.

## RECOMMENDATION

Because Rivers has not executed service upon Defendant Dallas County, Texas, the undersigned recommends that it be dismissed from this case. Furthermore, because Rivers has failed to comply with two separate orders of this Court, the undersigned recommends that her case be dismissed for failure to prosecute.

SO RECOMMENDED, this ___ day of _____, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).